TITLE GUARANTEE & TRUST CO. v. STUDEBAKER et al.

(Circuit Court, N. D. Illinois, N. D.	March 26, 1900

No. 25,296.

1. REMOVAL OF CAUSES—JOINDER OF UNNECESSARY PARTIES—SUIT TO REDEEM FROM MORTGAGE.

Persons whose interests in mortgaged property were cut off by a decree foreclosing a first mortgage thereon, and a sale of the property thereunder, are not necessary parties to a suit to redeem brought by a second mortgagee, who was not made a party to the first suit; and their joinder will not prevent a removal of the suit by the purchaser, who is the only real party in interest as defendant.

2. SAME—NATURE OF SUIT.

Such a suit is not one to redeem from the former decree of foreclosure, and therefore of an ancillary nature, but is an independent suit, in effect, to redeem from a first mortgagee in possession, and is removable.

On Motion to Remand to State Court.

Marston, Augur & Tuttle, for complainant.
W. S. Oppenheim, for defendant.

KOHLSAAT, District Judge. This proceeding is in the nature of a bill to redeem from a mortgagee in possession, and to foreclose a second mortgage. Defendant Studebaker held a first mortgage upon the real estate in question, and in 1894 caused the same to be foreclosed by proceedings in the state courts, but omitted to make complainant's intestate a party to such proceedings. At the sale under the foreclosure of the first mortgage, defendant Studebaker, the owner of said mortgage, was the purchaser, and the time for redemption allowed under the statutes of Illinois had expired prior to the filing of the bill herein. The bill alleges that complainant's intestate held a second mortgage upon the real estate covered by Studebaker's first mortgage, and that, not being a party to said foreclosure proceedings, said intestate was not bound by the decree therein. All the parties whose rights were foreclosed by said proceedings are made parties to this bill, and the relief asked as to them is that they may be foreclosed of any right to redeem from the sale herein under the second mortgage, and that a deficiency decree may be entered against the persons liable for the indebtedness secured by the second mortgage. The bill herein was originally filed in the same state court in which the Studebaker foreclosure was had. Defendant Studebaker removed the cause to this court on the ground that, as to him, the controversy was separable. This hearing is upon a motion by complainant to remand the cause for the reason that there is no separable controversy between it and defendant Studebaker, and that this proceeding is in its nature ancillary to the former foreclosure proceedings in the state court. I am of the opinion that all parties whose rights in the premises in question were extinguished by the foreclosure of the Studebaker mortgage, and the expiration of the period of redemption thereunder, are not necessary parties to this proceeding. This is essentially a proceeding to re-

deem from a person who has a good title against all the world excepting complainant, so far as this record shows. The fact that the parties whose rights in the premises were extinguished by the Studebaker foreclosure are also made parties adds to this suit the additional feature of being in the nature of a proceeding to quiet title, but that feature does not affect the controversy between complainant and defendant Studebaker. "When redemption is sought by one who was not make a party to a foreclosure suit, and whose rights were, in consequence, not barred by it, he should not join with the purchaser, as defendant, any one who was made a party to the foreclosure suit, and whose rights are extinguished by it." 2 Jones, Mortg. § 1100. "The mere union of several rights or liabilities into one suit, for convenience, cannot defeat federal jurisdiction· by removal, if, besides this separable quality of the controversy sought to be removed, it can be fully determined without the presence of the other parties." "If there be· neither joint right in the plaintiffs nor joint liability in the defendants, no matter how complicated the demands as to each," the right of removal is not defeated. Dill. Rem. Causes, § 145. The decree under which Studebaker holds title, followed by the master's deed, effectually cut off any rights of the other defendants in this suit to the property in question. As to complainant, that decree was a nullity; its intestate not being made a party to that suit. Its redemption is not from that decree. It is practically from a mortgagee in possession,—a redemption from the first mortgage. This suit is not, therefore, in any manner ancillary to the suit in which the Studebaker mortgage was foreclosed. Scates v. King, 110 Ill. 456. The motion to remand is denied.